## Adolph C. Brendecke v. People of the State of Illinois.

### Gen. No. 11,693.

1. SALE OF COCAINE—*when instruction in prosecution for, errone-ous.* Where the jury have by one instruction been told that they must "consider all the evidence admitted by the court," and by another are told "that if they believe from the evidence that the defendant retailed or sold or gave away any cocaine," etc., and there is evidence of sales made both before and after the law under which the prosecution is conducted went into effect, error is committed from which a reversal must follow.

Criminal prosecution for sale of cocaine. Appeal from the Criminal Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1904. Reversed and remanded. Opinion filed January 23, 1905.

D. R. BRILLOW, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant was found guilty before a justice of the peace of having sold cocaine contrary to the provisions of section 32a, ch. 91, Hurd's R. S. 1903. Thereupon he took an appeal to the Criminal Court of Cook County, where the cause was again tried, and appellant was again found guilty. Judgment upon the verdict was entered against him in the penal sum of $50 and costs. He then perfected this appeal.

In disposing of the case it is necessary for us to consider one question only. At the request of the People the jury

Brendecke v. The People.

were instructed as follows : " The court instructs the jury that if they believe from the evidence that the defendant retailed or sold or gave away any cocaine, hydro-chlorate or any salts or any compound thereof, excepting upon the written prescription of a licensed physician or licensed dentist under the laws of this State, they will find the defendant guilty, and will assess the plaintiff's damages at not less than fifty dollars, nor more than two hundred dollars." To the giving of which appellant duly excepted. The court also instructed the jury that it was their duty " to consider all the evidence admitted by the court."

The act rendering it unlawful for any one to sell cocaine except upon the written prescription of a licensed physician or of a licensed dentist, did not go into effect until July 1, 1903. There is evidence in the record tending to prove that appellant had sold cocaine under the name of " flake " for some time prior to that date. There is also evidence in the record tending to prove a specific sale of that drug by appellant without a written prescription thereof, since that date. In this condition of the record the instruction quoted, being unlimited as to time and occasion, made it possible for the jury to find a verdict against appellant upon proof of a sale made prior to the time such sale was unlawful.

We dislike to reverse this case, because the offense charged is both morally and legally wrong, but we are forced to do so by this violation of the rules of law which safeguard the rights of individuals.

The judgment of the Criminal Court is reversed and the cause is remanded.

*Reversed and remanded.*